Kenneth NEAR and Zoanne E. Near, Appellants (Plaintiffs),

v.

Custer L. CASTO and Beatrice Casto, husband and wife, and Harry Greene and Maxine Greene, husband and wife, Appellees (Defendants).

No. 5269.

Supreme Court of Wyoming.

July 1, 1980.

James E. Phillips, Phillips & Lancaster, Evanston, signed the brief and appeared in oral argument on behalf of appellants.

No brief or appearance on behalf of appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The appellants claim to have gained, by adverse possession, title to a piece of property which was reserved to the appellees in a 1948 quitclaim deed. The district court granted judgment for the appellees and appellants seek reversal of that judgment in this court on the ground that there is no evidence to support a judgment in favor of appellees, and further that the only evidence presented at trial was that which established appellants' satisfaction of the essentials of adverse possession. Appellees filed no brief in this court, especially informing the court that they did not intend to do so.

In 1948, Custer and Beatrice Casto quitclaimed their interest in the property at issue in this case to Fred and Florence Aimone. The quitclaim deed recited in pertinent part:

"The West half of the Southwest Quarter of the Northwest Quarter and the West Half of Lot Four of said Section Four, containing about 38 acres, excepting and reserving, however, that part and portion of said Lot Four bounded and described as commencing at the Northwest corner of said Lot Four running thence N. 89°152′ E. along the North line of said Lot Four Hundred Ninety Three and one half (493.5) feet, thence South Four Hundred One and Fifteen Hundredths (401.15) feet, and thence N. 50°158′ W. Six Hundred Thirty Five and one fourth (635.25) feet to the said point of commencing, the Northwest corner of said Lot Four.

"But subject to a right of way for roadway and travel purposes for use of adjacent and adjoining land owners and the public over upon and across the following: The North Thirty feet of said lot four, also the North Thirty feet of the East Half of the Northeast Quarter of

said Section Five, also a strip of land Thirty feet in width the center line of which is the West line of said East Half of the Northeast Quarter of Section Five, and extending North and South Sixteen hundred eighty three feet."

It is this triangular-shaped piece of property which is at issue here. The property was subsequently transferred several times until it came into the hands of the appellants through a contract for deed they entered into in 1968. Early in the "summer" of 1979, the appellants became aware that the appellees claimed an interest in the above-described property. The appellants were in the process of negotiating to sell property which included the parcel in dispute when the appellees informed appellants of their claimed interest.

To resolve the question, appellants filed a quiet title action, named the appellees as defendants, and asked that title to the parcel of land here in question be quieted in them vis-a-vis these appellees. The appellants alleged in their complaint that they had exclusive, complete, actual, open, notorious, and continuous undisputed possession of the parcel for more than ten years and had hence adversely possessed it in derogation of the reservations contained in the 1948 quitclaim deed. *Shores v. Lindsey,* Wyo.1979, 591 P.2d 895; *City of Rock Springs v. Sturm,* 1929, 39 Wyo. 494, 502, 273 P. 908, 97 A.L.R. 1; §§ 1–3–103 and 1–21–202, W.S.1977.

At trial, the appellants testified that they exercised ownership over the parcel in question. The parcel was within the fenceline of their property. They leased the property to others for ranching purposes, they entered into an oil and gas lease with respect to the property, and they themselves conducted ranching operations on the property. Appellants gave detailed testimony about their activities on the property, as well as that the appellees had not been seen on or around the property since 1948. They testified that they thought they did possess and, in fact, intended to possess up to the fenced boundary which included the parcel in question. This evidence clearly satisfies the requirements of adverse possession in this state. We shall not repeat the details of the law of adverse possession, since it has been stated and restated artfully and exhaustively in prior decisions of this court. *Shores v. Lindsey,* supra; *City of Rock Springs v. Sturm,* supra.

Suffice it to say that no evidence was presented at trial by appellees to contradict the claims and evidence of the appellants. The appellees made no appearance in this court to dispute the assertions of appellants. Under these circumstances we can only conclude that the judgment of the trial court is in error. Only one conclusion can be drawn from the evidence that is in the record and that is that the appellants adversely possessed the parcel in question. A judgment which is contrary to the evidence may not stand. *Kvenild v. Taylor,* Wyo.1979, 594 P.2d 972, 975–976; *Shores v. Lindsey,* supra, 591 P.2d at 899.

The judgment of the trial court is reversed and the matter is remanded to the district court with the direction that judgment be entered in favor of appellants.